# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN TURNER,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. JUDICIAL DISTRICT COURT,<br><br>                Defendant. | Case No. 2:14-cv-1641-APG-GWF<br><br>ORDER |

On October 6, 2014, Plaintiff, a *pro se* state prisoner, filed a motion for an order waiving filing fees in the Nevada Supreme Court. (Dkt. #1). On October 9, 2014, the Court denied the motion for lack of jurisdiction over the Nevada Supreme Court. (Dkt. #2). On November 7, 2014, Plaintiff filed a motion for clarification over that order noting that he did not know what case that order referred to. (Dkt. #3). On November 12, 2014, the Court granted the motion for clarification and directed the Clerk of the Court to send Plaintiff a copy of his original motion "which should aid in Plaintiff's understanding" of the Court's order. (Dkt. #4 at 1). The Court directed Plaintiff to notify the Court within 30 days of entry of that order whether that motion had been filed with this Court in error. (*Id.*). The Court also informed Plaintiff that, if he intended to initiate a lawsuit in this matter, "he shall file a complaint and an application to proceed *in forma pauperis* within 30 days of entry of [that] order." (*Id.*). The thirty days have now expired. Plaintiff has filed an application to proceed *in forma pauperis* but has not filed a complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his

failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file a complaint and an application to proceed *in forma pauperis* within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff fails to initiate a lawsuit in this matter within 30 days from the date of this order, the Court shall close this case." (Dkt. #4 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a complaint within thirty days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complaint in compliance with this Court's November 12, 2014, order.

It is further ordered that the application to proceed *in forma pauperis* (Dkt. #5) is denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 31st day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE